IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) ) |
| DONOVAN WARE, | ) No. 4:23-CR-573 JMD ) |
| *Defendant*. | ) ) ) ) |

**Order**

Defendant Donovan Ware moves to suppress a firearm, controlled substances, and a large sum of cash found during a vehicle search after a traffic stop. The Honorable United States Magistrate Judge Patricia L. Cohen issued a report recommending that the Court deny Ware's motion to suppress this evidence. Ware filed objections to the report and recommendation. The Court overrules those objections.

After de novo review, the Court denies the motion to suppress for several independent reasons. The Court concludes that the search was reasonable under the inventory exception to the warrant requirement because the officer followed a reasonable, standardized policy in searching the vehicle. The Court additionally agrees with the magistrate judge, based on the totality of the record, that the officers had sufficient probable cause to search the vehicle under the automobile exception to the warrant requirement. Finally, even if officers had violated the warrant requirement, Ware has not satisfied the "high obstacle for those urging application of the [exclusionary] rule," *Pennsylvania Bd. of Prob. and Parole v. Scott*, 524 U.S.

1

357, 364–365 (1998), which the Supreme Court has described as an "extreme sanction," *United States v. Leon*, 468 U.S. 897, 916 (1984).

The Court adopts those portions of the magistrate judge's recommendation to which Ware objected, except to the extent modified by this opinion. 28 U.S.C. § 636(b)(1). The Court also denies Ware's request for an additional hearing.

## Standard of Review

When a party objects to a magistrate judge's report and recommendation, the district judge must conduct a de novo review of the portions of the report, findings, or recommendations to which the party objected. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The Court has reviewed the entire evidentiary record and has reviewed de novo the parts of the report and recommendation to which Ware objects.

## Factual Background

While on patrol in a high-crime area at about 1:30 in the morning, officers observed a vehicle driving without a front license plate. The rear license plate was issued in Illinois, a State that requires both rear and front plates. The officers ran the license plate number through a database and discovered several warrants associated with the vehicle. Officers then observed the car veer into the center median area. Officers stopped the vehicle and spoke with the driver, the sole occupant. While speaking with the driver, officers noticed that he was "very nervous" and had glassy eyes. Officers smelled alcohol coming from the direction of the vehicle and saw a bottle of alcohol in plain view in the passenger seat, as well as a foam cup in the center console cupholder. Officer Mulloy asked the driver, Defendant

Donovan Ware, to step out of the car and noted that the odor of alcohol became stronger when Ware did so.  Officer Mulloy asked Ware for consent to search the vehicle, which Ware denied.

Officer Mulloy arrested Ware for the traffic warrants and for driving while under the influence.  The officer advised Ware that he might have the vehicle towed and inventoried.  Ware objected, asking that his girlfriend be permitted to travel to the location to pick up the vehicle.  Ware also mentioned that he and his girlfriend had recently been in a fight.  The officer chose to have the vehicle towed.

Before the tow truck arrived, Officer Mulloy searched the vehicle.  He seized the open tequila bottle that was in plain view from the passenger side and a foam cup from the center console.  In the backseat, Officer Mulloy located several more open tequila bottles.  He also discovered a backpack containing marijuana, other suspected controlled substances, and a large quantity of money.  Inside the center console, Officer Mulloy discovered a handgun.  Ware moved to suppress these items.

At a hearing on the motion to suppress, Officer Mulloy testified that based on his observation of Ware veering into oncoming traffic, the visible open containers, and the odor of alcohol, he believed Ware had committed an alcohol-related offense and that he would find evidence of alcohol-related offenses inside the vehicle.  He testified that he believed he had authority to conduct an inventory search.  And he testified that he had concerns that the vehicle was "not safe for the road" and could not be left "on the side of the road."  The magistrate judge recommended that the Court deny Ware's motion to suppress this evidence.

## Analysis

"The Fourth Amendment ordinarily requires that police officers get a warrant before" a search.  *Lange v. California*, 594 U.S. 295, 298 (2021).  But the Fourth Amendment permits

3

many judicially recognized exceptions to the warrant requirement. *Id.* The Government invokes two. The Court agrees that both apply. And even if neither did, Ware has not established the need for costly judicial interference with the truth-seeking function of the jury.

### I.

The Government contends that the search was permissible under the inventory exception to the warrant requirement. "Police may conduct a warrantless search of a lawfully-impounded vehicle even in the absence of probable cause." *United States v. Kennedy*, 427 F.3d 1136, 1143 (8th Cir. 2005). "An inventory search is reasonable and constitutional if it is conducted according to standardized police procedures." *United States v. Garreau*, 658 F.3d 854, 857 (8th Cir. 2011). Strict compliance is not necessary; it is sufficient if the search "substantially complie[s]" with the standardized procedure. *Id.* The Court agrees with the Government that this exception is satisfied.

The St. Louis County Police Department has a standardized policy for handling a vehicle when the driver is arrested. See SLMPD Special Order 7-02(D)(1), "Handling of Arrested or Injured Person's Vehicles." This policy allows the subject of an arrest or injury to either 1) have the vehicle towed by City Towing at his expense; 2) leave his vehicle parked at the curb, when parking would not violate a local law or ordinance; or 3) to turn his vehicle over to someone at the scene, including to a private tow operator. *Id.* Here, the officers reasonably concluded (1) that the vehicle could not be parked without violating a local law or ordinance because it lacked a front license plate and (2) that no other person readily present could take the vehicle. The officers thus reasonably concluded that a tow was necessary under the policy.

Ware raises three arguments suggesting that the officers failed to substantially comply with this policy. None prevail.

First, Ware argues that police should have allowed his girlfriend to pick up the car in the dead of night in a high-crime area. But his girlfriend was not "at the scene," so the police procedures did not require permitting her to come pick up the car. SLMPD Special Order 7-02(D)(1)(a)(3). And in any event, Ware had just told officers that he was in a fight with his girlfriend because he had "pulled up on the scene and saw her with another man." Doc. 68, at 74. There was no obligation for the officers to bring a domestic dispute to the scene of an arrest.

Second, Ware argues that the officers should have let him park the vehicle on the street. But as Ware does not dispute, the City of St. Louis has an ordinance prohibiting parking vehicles that lack sufficient license plates. *See* St. Louis City Municipal Codification, Ordinance 17.24.070, "Prohibited parking." Ware argues that the ordinance allows officers to exempt cars from parking rules. But officers are not required to use a discretionary exemption for any conceivable violation. And even assuming Ware were correct, the Fourth Amendment permits officers to make reasonable mistakes of law. *Heien v. North Carolina*, 574 U.S. 54 (2014). The Fourth Amendment does not require suppression simply because an officer, operating on the fly, was unaware of a discretionary exception in a local ordinance. Assuming, without deciding, that the ordinance would have permitted Ware to park his car and that the officer made a mistake, any mistake about the ordinance was reasonable.

Finally, Ware argues that the search was pretextual because Officer Mulloy admitted he suspected that the vehicle contained contraband. In support, Ware cites the Eighth Circuit's statement that an inventory search cannot be a "ruse for a general rummaging in

5

order to discover incriminating evidence." *United States v. Potter*, 125 F.4th 916, 919 (8th Cir. 2025) (citation omitted).  But that rule applies "[w]here an inventory policy does not address a particular scenario"—in other words, where there is no standard procedure.  *Id.*  Here, there was a standard procedure, which officers followed.  And this was no rummaging ruse.  Police need not *avoid* a search simply because they suspect incriminating items.  "The police are not precluded from conducting inventory searches when they lawfully impound the vehicle of an individual that they also happen to suspect is involved in illegal activity." *United States v. Harris*, 795 F.3d 820, 822 (8th Cir. 2015) (quoting *United States v. Pappas,* 452 F.3d 767, 771 (8th Cir. 2006)).  Here, as in *Harris*, Ware's car was towed under a police policy (a standard criteria) and based on many different justifications for arrest, including undisputed warrants for previous traffic violations.  *See Harris*, 795 F.3d at 823.

Because officers substantially complied with St. Louis City's standard procedures in conducting an inventory search, the inventory search exception is satisfied.

## II.

The Government also contends that the search was justified under the automobile exception.  That exception permits an officer to "search a vehicle without a warrant if, 'given the totality of the circumstances, a reasonable person could believe that there is a fair probability that contraband or evidence of a crime would be found in a particular place.'" *United States v. Virrueta*, 121 F.4th 706, 710 (8th Cir. 2024) (quoting *United States v. Rodriguez*, 414 F.3d 837, 843 (8th Cir. 2005)).  This exception exists because individuals can quickly remove automobiles from a jurisdiction or destroy evidence, and because of "the pervasive regulation of vehicles capable of traveling on the public highways."  *Collins v.*

6

*Virginia*, 584 U.S. 586, 591 (2018) (citation omitted).  The Court agrees that the exception is satisfied.

As the magistrate judge's report and recommendation details (and as the Court here elaborates), there was ample reason for officers to believe that there was a "fair probability" that particular areas of the vehicle contained contraband.  Among other things, officers testified that they observed the vehicle veering into the lane for oncoming traffic, that they smelled alcohol, that the odor became stronger when Ware exited the vehicle, and that at least one open container of alcohol was in plain view.  On de novo review, the Court finds no reason to disagree with the report and recommendation's conclusion that these concerns created a fair probability that officers would find evidence of alcohol-related crimes in parts of the vehicle (and in containers within the vehicle) that could hold evidence of those crimes.

Ware argues that the Court cannot assess this issue without assessing the credibility of the officers, which Ware argues requires another hearing.  That argument is waived because Ware did not request a hearing at the time he filed his objection, nor did he do so when the Government filed their response.  *United States v. Moua*, No. 24-2774, 2025 WL 2179313, at *3 (8th Cir. 2025).  In any event, the Supreme Court has held that no second hearing is required.  The relevant "statute calls for a *de novo* determination, not a *de novo* hearing."  *United States v. Raddatz*, 447 U.S. 667, 674 (1980).  Ware disagrees, citing a dissent from a recent Eighth Circuit decision, but that dissent argued that another hearing is necessary only "before *rejecting* a magistrate judge's credibility findings."  *Moua*, 2025 WL 2179313, at *7 (Grasz, J., dissenting) (emphasis added).  The Court here is not rejecting any credibility determinations.

7

In any event, Ware's attempt to call Officer Mulloy's credibility into question fails to acknowledge the many undisputed facts not based on credibility determinations.  Ware does not dispute that he was the vehicle's only occupant and that there was at least one open container in plain view.  Missouri law prohibits driving while under the influence. Mo. Rev. Stat § 577.010.  And while Missouri does not have a blanket prohibition on open containers of alcohol, Missouri law does prohibit consuming alcohol while driving.  Mo. Rev. Stat § 577.017. Having observed an open container of alcohol in a vehicle with no passengers, officers could reasonably believe that there was a fair probability that the driver of the vehicle was consuming alcohol while driving or was driving under the influence and that further evidence of alcohol consumption while driving could be found in the vehicle.  Courts have repeatedly upheld warrantless searches in similar contexts.  *See United States v. Agena*, 138 F.4th 1063, 1068 (8th Cir. 2025) (open container violation gave officers probable cause to search the passenger compartment for more open containers); *State v. Rincon*, 970 N.W.2d 275, 281 (Iowa 2022) (discovery of illegal acts gave officers probable cause to search the car for other evidence of those offenses); *United States v. Latham*, 763 F. App'x 428, 431 (6th Cir. 2019) ("[D]efendant handed a cold, half-full beer to police and exhibited signs of intoxication. It was reasonable for officers to believe that the car could contain additional open containers of alcohol or other sources of intoxication, which would be relevant to the original [DUI] crime of arrest."); *United States v. Howton*, 260 F. App'x 813, 816 (6th Cir. 2008) (holding that it was reasonable for officers to believe the vehicle would contain additional evidence and was reasonable to search it for open containers, drugs, and drug paraphernalia after officers noticed one open beer can during a traffic stop); *see also United States v. McCoy*, 200 F.3d

582, 584 (8th Cir. 2000) (odor of burned marijuana sufficient probable cause to search vehicle).

The Court concludes that the Government independently satisfied the Fourth Amendment under the automobile exception to the warrant requirement.

### III.

For the reasons explained above, Ware has not established a Fourth Amendment violation. But even if he had, that would not guarantee suppression of evidence. "[S]uppression is not an automatic consequence of a Fourth Amendment violation. Instead, the question turns on the culpability of the police and the potential of exclusion to deter wrongful police conduct." *United States v. Houck*, 888 F.3d 957, 959–60 (8th Cir. 2018) (quoting *Herring v. United States*, 555 U.S. 135, 137 (2009)). The exclusionary rule is a judicially created prudential remedy, and "there is always a 'high obstacle for those urging application of the rule,'" *Lange*, 594 U.S. at 317, (Thomas, J., concurring) (citing *Scott*, 524 U.S. at 364–365). Excluding evidence "obstructs the truth-finding functions of judge and jury," creating a "downstream risk that 'some guilty defendants may go free or receive reduced sentences.'" *Id.* at 317 (citing *Leon*, 468 U.S. at 907). The remedy may be used only when it is needed to deter "intentional conduct that was patently unconstitutional." *Herring*, 555 U.S. at 143.

The record contains no evidence suggesting a need to deter intentional, patently unconstitutional conduct. At most, Ware has presented an argument that officers had a subjective motive to search and canvassed for a legal justification to do so. That is insufficient to clear the "high obstacle" for applying the "extreme sanction" of suppression.

**Conclusion**

For the reasons set forth above, Ware's objections (Doc. 84) are **overruled**, the parts of Judge Cohen's report and recommendation (Doc. 81) that have been challenged are **adopted**, and Ware's motion to suppress (Doc. 45) and motion for an additional hearing (Doc. 88) are **denied**.

**IT IS HEREBY ORDERED**.

Dated this 19 day of August, 2025

_____
JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE